UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| -vs- | : | NO.  3:CR-09-261 |
| | : | |
| | : | |
| JOSEPH FILIPPONE, | : | |
| | : | |
| DEFENDANT | : | |

## P L E A   A G R E E M E N T

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker and Fanfan, 125 S.Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty.

1. Plea of Guilty.  The defendant agrees to plead guilty to Count 1 of the Indictment which charges the defendant with a violation of Title 18, United States Code, Section 113(a), assault with a dangerous weapon within the territorial jurisdiction of the United States.  The maximum penalty for that offense is ten (10) years' imprisonment, a fine of $250,000, a maximum three year term of supervised release, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100.  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty

of the offense charged in the indictment.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing. After sentencing, the United States will move for dismissal of any remaining counts.  In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.

    2.   <u>Term of Supervised Release</u>.  The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute.  The Court may require a term of supervised release in any other case.

    3.  <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

    4.  <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if

2

the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

5.   Special Assessment.  The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check to the United States Attorneys Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. An intentional failure to make this payment, or to pay with insufficient funds, may be treated by the United States as a breach of this plea agreement and may also result in further prosecution or the filing of additional criminal charges.

6.   Financial Litigation Unit Investigation.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's

Office regarding defendant's financial status.  Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

      7.  <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.  However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

      8.  <u>Rule 11(c)(1)(C) Binding Agreement</u>.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's sentence:

- (1)  In light of the reasons for the assault, the defendant's severe injuries, and willingness to waive appellate rights, a variance from the guidelines is appropriate;

- (2)  That the defendant be sentenced to twenty four (24) month term of imprisonment to run consecutive to any other sentence that the defendant may be serving;

- (3)  That there be no fine in light of the defendant's inability to pay;

- (4)  That the defendant pay a $100 special assessment;

- (5)  That the Court impose a sentence of supervised release of three years.

The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.

If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence greater than that agreed to by the parties, then the defendant has the right to withdraw from this agreement and withdraw any guilty plea entered pursuant to this agreement.

The parties further agree that the defendant may be immediately sentenced at the time of the entry of guilty plea pursuant to this agreement, however, the decision whether to do so will be in the discretion of the Court.

9. <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

10. <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid.

1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

11. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

12. <u>Maximum Sentence</u>. . The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. However, if the court refuses to accept any provision of this plea agreement, then no party shall be bound by any of the provisions of the plea agreement, and no statement contained in this plea agreement will be admissible against any party in any proceeding.

13. <u>Further Prosecution for Perjury, False Statement, Etc.</u> Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510.

14. <u>Collection Action by IRS</u>. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant

arising out of or related in any way to the offenses identified in this agreement.

15. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing,  the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

16. <u>Non-Limitation on Government's Response</u>.  Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

17. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this agreement shall bind any other federal, state or local law enforcement agency.

18. <u>Appeal Waiver</u>.  The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence that complies with the sentence contemplated in paragraph 8 of this agreement, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of <u>United States v. Booker,</u> 125 S. Ct. 738 (2005).  The defendant also waives the defendant's right to challenge any conviction or sentence (that complies with the sentence contemplated in paragraph 8 of this agreement) or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

19. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

20. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been

or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

21. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., October 15, 2009, otherwise the offer shall be deemed withdrawn.

22. <u>Required Signatures</u>.  None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_10/29/09_____
Dated

_Joseph Filippone_____
JOSEPH FILIPPONE
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_10/29/09_____
Dated

_Ingrid Cronin_____
INGRID CRONIN, ESQUIRE
Counsel for Defendant

_11/25/09_____
Dated

_Dennis C. Pfannenschmidt___
DENNIC C. PFANNENSCHMIDT
United States Attorney

9